**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:09-CR-106-1 |
| | § | |
| DANIELLE C. ROSS | § | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

On October 7, 2009, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant, Danielle C. Ross. The government was represented by James Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk.

Defendant originally pleaded guilty to the offense False Statements to a Government Officer, a Class D felony. The offense carried a statutory maximum imprisonment term of 5 years. The United States Sentencing Guideline range, based on a total offense level of 8 and a criminal history category of I, was 0 to 6 months. On January 7, 2005, U.S. District Judge Samuel B. Kent of the Southern District of Texas sentenced Defendant to five years probation subject to the standard conditions of supervision, plus special conditions to include: $400.00 special assessment; $13,718.68 restitution; drug aftercare; and six months home confinement. The term of probation was revoked on August 29, 2007, and Danielle C. Ross was sentenced to four months imprisonment followed by three years supervised release subject to the standard conditions of supervision, plus special conditions to include drug treatment, attaining no new credit, financial disclosure, and making restitution to the Social Security Administration Office. On September 21, 2009, The Honorable Leonard Davis accepted a transfer of jurisdiction to the Eastern District of Texas.

Under the terms of supervised release, Defendant was prohibited, in relevant part, from any unlawful use of a controlled substance. In addition, the Defendant was required to submit one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer. In its petition, the government alleges that the Defendant violated her conditions of supervised release by: (1) submitting positive urine specimens for opiates,[1] (2) being discharged from drug treatment unsuccessfully, and (3) failing to pay restitution.

If the Court finds by a preponderance of the evidence that Defendant committed these violations, a statutory sentence of no more than two years of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3). Pursuant to Section 7B1.1(a) of the Sentencing Guidelines, violating a condition of supervision by (1) submitting urine specimens which test positive for opiates, (2) being discharged from drug treatment unsuccessfully, or (3) failing to pay restitution, all constitute Grade C violations and will result in the Court revoking the Defendant's term of supervised release. Upon revoking the term of supervised release, the Court may instead impose of a term of imprisonment, or extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade C violation is 3 to 9 months. U.S.S.G. § 7B1.4(a). Additionally, U.S.S.G. § 7B1.3(d) requires that any restitution or fine previously imposed in connection with a sentence for which revocation is ordered, that remains unpaid at the time of revocation, shall be ordered to be paid.

---

[1] The Defendant submitted urine samples which tested positive for opiates on January 21, 2009; September 2, 2009; and September 9, 2009.

At the hearing, the parties indicated they had come to an agreement to resolve the petition whereby Defendant would plead true to all allegations[2] which violated the conditions of supervision, and in exchange, the government agreed to recommend that Defendant serve 8 months with no supervised release to follow. Defendant Danielle C. Ross then proceeded to plead true to the above-mentioned violations.

Pursuant to the Sentencing Reform Act of 1984, and the agreement of the parties, the Court **RECOMMENDS** that Defendant, Danielle C. Ross, be committed to the custody of the Bureau of Prisons for a term of imprisonment of 8 months with no supervised release to follow. The Court further **RECOMMENDS** that the place of confinement be Bryan, Texas.

The parties have waived their right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 14th day of October, 2009.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

---

[2] The allegations include: (1) submitting positive urine specimens for opiates, (2) being discharged from drug treatment unsuccessfully, and (3) failing to pay restitution.